* * * * * * * * * * *
Based upon a review of the record, the Full Commission agrees with Commissioner Ballance that the plaintiff in his affidavit failed to show that the Industrial Commission has subject matter jurisdiction over his claims pursuant to N.C. Gen. Stat. §143-291(a). N.C. Gen. Stat. § 143-291(a) gives the Industrial Commission jurisdiction over individual claims that arise as a result of the negligence of any officer, employee, involuntary servant or agent of the State while acting within the scope of his office, employment, service, agency, or authority, under circumstances where the State of North Carolina, if a private person, would be liable.
Plaintiff, in his affidavit, alleges that he suffered injury as a result of the retaliatory actions of the Marion Correctional Institute. Under the Tort Claims Act, the Industrial Commission has jurisdiction to hear tort claims alleging negligence on the part of agencies of the State. Plaintiff's claim specifically alleges intentional conduct, not an act of negligence; therefore, the Industrial Commission lacks subject matter jurisdiction over plaintiff's claim.
Accordingly, the undersigned affirm the January 11, 2005 Order and plaintiff's claim is HEREBY DISMISSED.
This the __ day of June, 2006.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 S/____________ BUCK LATTIMORE CHAIRMAN